WILLIAM HAZZARD, Administrator of Marcus Magee, deceased, Plaintiff below, Appellant *v.* TURPIN, JACOB and CHARLES WRIGHT, lately trading as T. J. & C. WRIGHT, Defendants below, Respondents.

A declaration by a defendant that he would not plead the statute of limitations to the demand of the plaintiff, but at the same time express-ly denying that he owed the debt, will not take it out of the operation of the statute. Indeed, a declaration simply that he would not plead the statute to the demand, if there be nothing more in the case, is not an acknowledgment that will remove the bar of the statute. Nothing short of an unqualified acknowledgment of the debt, as a still subsis-ting demand against the party making it, will have this effect.

APPEAL from a Justice of the Peace. *Pronarr,* in assumpsit on a special agreement in writing. Pleas *non assumpsit* and the statute of limitations.

The proof was that in the year 1836, an amicable ac-tion was entered into between the plaintiff and the defendants,in which an award was rendered in favor of the latter ; and on the same day, the following agreement in writing was entered into by them. " We do hereby agree with William Hazzard adm'r of Marcus Magee deceased, on the return of Jacob Wright, one of us, to investigate, and rectify if wrong, a certain item of charge against said Marcus Magee, on our books on account of

John W. Vinson, the amount being $26.06¼, and to pay
the same over, if it shall appear proper according to the
said Jacob Wright's knowledge of the matter, notwith-
standing an amicable action had this day April 16, 1836,
between the parties." Jacob Wright the partner re-
ferred to, was at that time absent in the south, but
returned the same year, and went south in 1837, and
returned again in 1839, but no information could be, or
had been obtained from him in regard to the item of
charge in question until 1857. That Charles Wright
one of the late firm, had said to the plaintiff in 1842,
that he would not plead the statute of limitations to the
demand, and also afterward on the trial of this case be-
low in 1856, stated that he had said and would say again,
that he would not plead the statute of limitations to the
demand, but he denied expressly that the defendants
owed the debt. In 1857, Jacob Wright furnished the
plaintiff with the following statement in writing. "I
Jacob Wright of the late firm of T. J. & C. Wright here-
by declare that I do not know upon what authority the
charge in our book against Marcus Magee, amounting to
$26.06¼, was made, but as John W. Vinson was owing
the firm and had engaged to work the debt out as a
common servant on board of the vessel of which Magee
was master and part owner with the firm, and the vessel
was wrecked on the 29th day of March 1834, which
ended Vinson's services with Magee, when Magee paid
the firm for Vinson's wages down to that time, as ap-
pears from a settlement on Magee's books under my
hand. I suppose we agreed to accept the sum of $8.05
from him and to remit the balance of Vinson's indebt-
ness to the firm; but there is no entry on the books of
the firm for the amount paid by Magee, or for any sum
remitted to him, which I suppose was forgotten, or ne-
glected to be entered." .Upon this proof the plaintiff
rested his case.

*W. Saulsbury*, for the defendants, moved the court to nonsuit the plaintiff on the following grounds. 1. That there was no sufficient consideration shown to support the agreement on which the action was founded, and that it was therefore *nudum pactum* upon which no action at law would lie. 2. That the declaration of Charles Wright, one of the defendants and one of the members of the late firm of T. J. & C. Wright, that they would not plead the statute of limitations to the demand of the plaintiff, even admitting for the sake of argument, that it was in itself considered such an acknowledgment as would take the case out of the operation of the statute of limitations, it could not have that effect, because the firm had then been dissolved for many years, and the acknowledgment of a debt barred by the statute by one member of a firm after its dissolution, will not revive it against the firm. *Bell v. Morrison et al.* 1 *Peters*, 371. *Waldon et. al. v. Sherberne et al.* 15 *Johns*, 409. *Hackley v. Patrick et al.* 3 *Johns*, 536; and lastly, on the ground that the declaration of Charles Wright that they would not plead the statute of limitations against the demand, accompanied as it was with the express declaration that they did not owe the debt, was not such an acknowledgment of it, inferentially or otherwise, as a subsisting demand against them, as would remove the bar of the statute.

*C. S. Layton* for the plaintiff: The fact that the other partners in the absence of Jacob Wright, were not able to account for and determine the propriety of the charge in question upon their own knowledge, when the books of Magee on the contrary exhibited a full settlement with the firm under the hand of the absent partner, was not only a sufficient, but a strong and just and honest consideration to support their fair and deliberate agreement in writing on which the present suit was founded. For it was simply an engagement on their part, very proper

and reasonable under the circumstances, to submit the the matter to him on his return and to abide by his knowledge in regard to it; and if he said, as he has said in the written statement from him to the plaintiff, that it was an erroneous charge, the amount was to be re-funded to the plaintiff by the firm, notwithstanding the award of the arbitrators in the amicable action between them. But this was not the only engagement or agreement in the case from which the other side was seeking to escape on the ground of *nudum pactum* after a cheap show and profession of fairness and equity; for they had violated another in pleading the statute of lim-itations in this court to the demand of the plaintiff. But what was a promise not to plead the statute of limitations to a demand, but an honest and unqualified acknowledg-ment of its validity and justice at the time, provided the party had no other defence to it ? And the defendants have shown no other defence, unless the court should be of opinion that their plea of *nudum pactum*, was good as to both agreements. But the rule of law, as stated on the other side, in regard to the acknowledgment of a debt barred by the statute, by a member of a firm after its dissolution, was not and never had been, the rule in this State, nor in England, nor in most of the States of the American Union. *Col. on Partn. sect.* 429, and 430 and the cases there cited. According to these cases, the declaration of Charles Wright, made first in 1842, and afterward deliberately repeated on the trial of the case below in 1856, was sufficient to remove the bar of the statute, and to revive the demand and the action founded upon it against the defendants.

*W. Saulsbury* replied.

*By the Court.* With the view which we take of the case, it is unnecessary to express any opinion on this motion, upon any other question raised in support of it,

than that which relates to the bar of the statute of limitations, and the acknowledgments relied on by the plaintiff to remove it. It is also unnecessary for us to decide whether the acknowledgment of a debt barred by the statute, by a member of a firm after its dissolution, will revive it against all the partners, because by the terms of our statute and the tenor of the decisions upon it, nothing short of an unqualified acknowledgment of the debt as a subsisting demand at the time it is made, is sufficient to revive it and to take it out of the operation of the statute of limitations. Such being the well settled rule in this State on the subject, the declaration of Charles Wright, one of the members of the late firm, that they would not plead the statute of limitations, but at the same time declaring in express terms, that they did not owe the debt, cannot possibly be construed into such an acknowledgment of a subsisting demand, or that the debt was then due and owing from the late firm of T. J. & C. Wright to Magee's administrator, as would bring it within the rule just stated, and take the case out of the operation of the statute. Indeed, such a declaration is no acknowledgment at all, but on the contrary, it is a flat and explicit denial of the alleged indebtedness, or demand set up by the adverse party; and even a declaration simply on the part of the defendant that he will not plead the statute of limitations to the demand of the plaintiff, if there be nothing more in the case, cannot be held to be an acknowledgment of it, or such an admission of it as a still subsisting and valid debt, as will take it out of the operation of the statute of limitations.

As to the written statement furnished the plaintiff, after the lapse of more than twenty years, from the time the agreement was signed on which the action is founded, in the year 1857, by Jacob Wright another member of the late firm, there are two objections which apply to it; in the first place, it is not express and

positive, but vague and uncertain in terms, and by no means satisfactorily solves the question which was to be decided by him, and which his fellow partners agreed to leave to his decision, which was whether the charge in question against Magee was erroneous or not; for he begins by saying in positive terms that he does not know on what authority the charge in their books was made, whilst all the rest is based, as he admits, on mere surmise, supposition or conjecture, and amounts indeed, to no direct and positive decision of the matter: and in the next place it came too late to answer the purpose of the plaintiff, even had it been more explicit, or entirely conclusive in its terms as to the matter to be submitted to him. Every agreement when no time is expressly fixed, is by intendment of law, to be performed within a reasonable time. But more than twenty years, enough to interpose a presumptive bar to an action on a judgment of record, or on an instrument under seal, had expired before this decision, such as it is, was obtained from him. This was unquestionably out of all reasonable time, delay or indulgence for such a purpose. Judgment of nonsuit must consequently be entered.